**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| K.L. Clark, | No. CV-09-190-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Unknown, | |
| Defendants. | |

Plaintiff K.L. Clark commenced this action by filing a pro se complaint. Dkt. #1. Plaintiff has filed a motion to proceed in forma pauperis. Dkt. #3. The Court will dismiss the complaint without prejudice and deny the motion as moot.

**I.  Dismissal of the Complaint.**

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements shall be set forth in separate and discrete paragraphs and each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff's complaint does not comply with the requirements of Rule 8. The complaint does not identify any defendants. While the complaint cites various federal statutes, it does not set forth a separate jurisdictional statement or provide a factual basis for claims under those statutes. The Court will dismiss the complaint without prejudice.

1  **II.     Leave to Amend the Complaint.**

2  "A pro se litigant must be given leave to amend his or her complaint unless it is
3  absolutely clear that the deficiencies of the complaint could not be cured by amendment."
4  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks and
5  citations omitted).  The Court will grant Plaintiff until **March 27, 2009** to file an amended
6  complaint.  As required by Rule 8, the amended complaint must provide a clear statement of
7  this Court's jurisdiction, the factual basis and specific legal theory supporting each claim, and
8  the relief Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a), (d). The amended complaint also must
9  identify each defendant and give them "fair notice of what [Plaintiff's] claim is and the
10 grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).
11 Vague references to violations of federal law are insufficient to satisfy even the liberal
12 pleading requirements of Rule 8.  *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974
13 (complaint must contain "enough facts to state a claim to relief that is plausible on its face").

14 **III.    Motion to Proceed In Forma Pauperis.**

15 Because the complaint will be dismissed without prejudice, the Court will deny as
16 moot Plaintiff's motion to proceed in forma pauperis.  Plaintiff may file another motion to
17 proceed in forma pauperis if he decides to file an amended complaint as permitted by this
18 order.  Plaintiff is advised that his supporting financial affidavit must be complete.  The
19 instant affidavit does not indicate whether Plaintiff presently is employed.  *See* Dkt. #3 ¶ 1.

20 **IV.    Plaintiff's Obligations.**

21 Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure
22 and the Rules of the United States District Court for the District of Arizona ("Local Rules"),
23 which may be obtained in the Clerk of Court's office.  Plaintiff is advised that if he fails to
24 prosecute this action or comply with the rules or any Court order, the Court may dismiss the
25 action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  *See Ferdik v.*
26 *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

27 **IT IS ORDERED:**

28 1.    Plaintiff's complaint (Dkt. #1) is **dismissed** without prejudice.

2. Plaintiff has until **March 27, 2009** to file an amended complaint consistent with this order.

3. The Clerk of Court shall **terminate** this action without further notice if Plaintiff fails to comply with this deadline.

4. Plaintiff's motion to proceed in forma pauperis (Dkt. #3) is **denied** as moot.

DATED this 10th day of March, 2009.

*David G. Campbell*
United States District Judge